IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KHOI VAN HA, Defendant. | No. CR07-4068-MWB  **REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

The defendant Khoi Van Ha has filed a motion (Doc. No. 193) asking the court to dismiss the Second Superseding Indictment ("SSI") as to him, or alternatively to order that a plea agreement he signed cannot be used at trial. The plaintiff (the "Government") resists dismissal of the SSI, but agrees the plea agreement cannot be used against Ha at trial. (Doc. No. 203) Pursuant to the Trial Management Order (Doc. No. 50), motions to dismiss were assigned to the undersigned United States Magistrate Judge for review and the filing of a report and recommended disposition. The court will summarize the relevant facts.

On September 27, 2007, Ha was charged, together with six codefendants, with conspiring to manufacture, possess with intent to distribute, and distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. No. 1, Count 2) On December 20, 2007, the Government obtained a Superseding Indictment against Ha and his codefendants. (Doc. No. 87) As to Ha, the Superseding Indictment shortened the alleged length of time of the conspiracy, from "prior to November 2002 up to and including September 2007," to "prior to November 2003 through about September 2007." (*Id.*, Count 2) Otherwise, the charge against Ha remained unchanged between the original Indictment and the Superseding Indictment. (*Compare* Doc. No. 1, Count 2 *with* Doc. No. 87, Count 2)

At some time between December 20, 2007, and January 15, 2008, the Government presented Ha with a proposed plea agreement to dispose of the charges in Count 2 of the Superseding Indictment. (*See* Doc. No. 193-3, Plea Agreement) After reviewing the plea agreement with his attorney and an interpreter, Ha initialed the plea agreement on January 15, 2008, indicating his acceptance of most of the agreement's terms. However, he did not initial paragraph 28 of the plea agreement, requiring the disclosure and forfeiture of firearms and other items. (*See id.*, p. 9, ¶ 28)

The terms of the plea agreement accepted by Ha required him, among other things, to plead guilty to Count 2 of the Superseding Indictment; to stipulate to his involvement with at least 400 kilograms of marijuana, resulting in a base offense level of at least 28; and to cooperate with the U.S. Attorney's Office and law enforcement agencies in further investigations of controlled substance violations. Ha also stipulated to certain facts relating to his involvement in the alleged conspiracy. (*See id.*, pp. 12-13, ¶ 38) Further, Ha waived his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, and agreed the stipulated facts set forth in the plea agreement could "be used against him at any time in any proceeding should he violate or refuse to follow through on [the] plea agreement, regardless of whether the plea agreement has been accepted by the district court." (*Id.*, p. 12, ¶ 38)

The U.S. Attorney received the plea agreement signed by Ha on January 18, 2008. (Doc. No. 203, p. 2) On January 24, 2008, the Government obtained the SSI against Ha, his six original codefendants, and three additional codefendants. (Doc. No. 128) Count 2 of the SSI, which relates to Ha, was amended to charge that the conspiracy to manufacture, possess with intent to distribute, and distribute marijuana occurred "within 1,000 feet of a playground or school." (*Id.*, Count 2) In the current motion, Ha argues the addition of this element to the charge makes him ineligible for application of the safety valve reduction under USSG § 5C1.2. He argues it was "prosecutorial misconduct" for the Government to obtain the SSI against him on the heels of his acceptance of the plea

agreement, asserting the Government must have known of the circumstances giving rise to the SSI before the proposed plea agreement was transmitted to his counsel. He asks the court to dismiss the SSI as to him, or alternatively, not to allow the Government to use the stipulated facts against him at trial.

The Government objects to Ha's characterization of the U.S. Attorney's actions as "prosecutorial misconduct." The Government notes the plea agreement was never fully executed by the parties. Ha's failure to initial paragraph 28 resulted in a counter-offer, rather than an acceptance of the agreement as proposed by the Government, and no one on the Government's behalf ever executed the agreement. Because no binding contract existed between the parties, the Government asserts there was no impropriety in seeking the SSI while the negotiation of the plea agreement was ongoing. Further, the Government "acknowledges that statements made by the defendant in his plea agreement may not be used against him at trial in the government's case-in-chief nor in rebuttal." (Doc. No. 203, p. 3)

Because "[t]he government concurs with the defendant's position that any admission made by him in the proposed plea agreement may not be used against him in any way at trial" (Doc. No. 203, pp. 3-4), the undersigned **recommends** that Ha's motion for an order to that effect be granted, and his motion to dismiss the SSI be denied.

Any party who objects to this report and recommendation must serve and file specific, written objections by **March 12, 2008**. Any response to the objections must be served and filed by **March 17, 2008.**

**IT IS SO ORDERED.**

**DATED** this 5th day of March, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3