# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KHOI VAN HA,<br><br>    Defendant. | No. CR07-4068-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTIONS TO DISMISS** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. Defendant's Objections To Report And Recommendation* . . . . . . . . 10
      *1. Court's acceptance of plea agreement* . . . . . . . . . . . . . . . 10
      *2. Hypothetical effect of use of the plea agreement* . . . . . . . . 11

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

### A. *Procedural Background*

On September 27, 2007, an Indictment was returned against defendant Khoi Van Ha, charging him with conspiracy to manufacture, possess with intent to distribute and distribute one thousand or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.[1] On December 20, 2007, a Superseding Indictment was returned against defendant Ha, again charging him with conspiracy to manufacture, possess with intent to distribute and distribute one thousand or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.[2] On January 24, 2008, a Second Superseding Indictment was returned against defendant Ha, charging defendant Ha with conspiracy to manufacture, possess with intent to distribute and distribute one thousand or more marijuana plants within 1000 feet of a playground or school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860.

Defendant Ha has filed a Motion To Dismiss Or Alternatively Prohibit Use of Plea Agreement in which he requests that the court dismiss the Second Superseding Indictment as to him, or alternatively order that a plea agreement he signed, but which was not signed by the prosecution, cannot be used at trial. The prosecution filed a timely response to

---

[1] Six co-defendants were also charged in the original Indictment in this case.

[2] Although additional charges were added in the Superseding Indictment, defendant Ha was not named in any of the new charges. As to the conspiracy charge contained in the Superseding Indictment, the Superseding Indictment shortened the alleged length of time of the conspiracy to "From a date unknown but prior to November 2003 through about September 2007. . ." Superseding Indictment at Count 2. The original Indictment alleged the length of time of the conspiracy to be "From a date unknown but prior to November 2002 through about September 2007. . ." Indictment at Count 2. In all other material respects, the conspiracy charge against defendant Ha remained unchanged between the original Indictment and the Superseding Indictment.

defendant Ha's motion in which it agrees the plea agreement cannot be used against defendant Ha at trial but resists dismissal of the Second Superseding Indictment.

Defendant Ha's Motion To Dismiss was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On March 5, 2008, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Ha's motion be granted in part and denied in part. Judge Zoss recommended that any admission made by defendant Ha in the proposed plea agreement could not be used against him in any way at trial but that his request that the Second Superseding Indictment be dismissed be denied.

Defendant Ha has filed objections to Judge Zoss's Report and Recommendation with respect to his request that the court dismiss the Second Superseding Indictment. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Ha's Motion To Dismiss.

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> At some time between December 20, 2007, and January 15, 2008, the Government presented Ha with a proposed plea agreement to dispose of the charges in Count 2 of the Superseding Indictment. (*See* Doc. No. 193-3, Plea Agreement) After reviewing the plea agreement with his attorney and an interpreter, Ha initialed the plea agreement on January 15, 2008, indicating his acceptance of most of the agreement's terms. However, he did not initial paragraph 28 of the plea agreement, requiring the disclosure and forfeiture of firearms and other items. (*See id.*, p. 9, ¶ 28)
>
> The terms of the plea agreement accepted by Ha required him, among other things, to plead guilty to Count 2 of the Superseding Indictment; to stipulate to his involvement

3

> with at least 400 kilograms of marijuana, resulting in a base offense level of at least 28; and to cooperate with the U.S. Attorney's Office and law enforcement agencies in further investigations of controlled substance violations. Ha also stipulated to certain facts relating to his involvement in the alleged conspiracy. (*See id.*, pp. 12-13, ¶ 38) Further, Ha waived his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, and agreed the stipulated facts set forth in the plea agreement could "be used against him at any time in any proceeding should he violate or refuse to follow through on [the] plea agreement, regardless of whether the plea agreement has been accepted by the district court." (*Id.*, p. 12, ¶ 38)
>
> The U.S. Attorney received the plea agreement signed by Ha on January 18, 2008. (Doc. No. 203, p. 2) On January 24, 2008, the Government obtained the SSI against Ha, his six original codefendants, and three additional codefendants.

Report and Recommendation at p. 2. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

4

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been

5

made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues

that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a

7

definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[3] As noted above, defendant Ha has filed objections to Judge Zoss's

---

[3] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United*
(continued…)

Report and Recommendation concerning his motion to dismiss. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Ha's Motion To Dismiss.

---

[3](…continued)
*States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

9

### B. Defendant's Objections To Report And Recommendation

### 1. Court's acceptance of plea agreement

In his first objection to Judge Zoss's Report and Recommendation, defendant Ha asserts as follows:

> Paragraph 38 of the plea agreement waived Ha's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, and agreed the stipulated facts set forth in the plea agreement could "be used against him at any time in the proceedings should he violate or refuse to follow through on [the] plea agreement, **regardless of whether the plea agreement has been accepted by the district court.**"

Defendant's Objections at ¶ 1 (emphasis original).

The gist of defendant Ha's objection here is that the conclusion reached by Judge Zoss in his Report and Recommendation, that the admissions made by defendant Ha in the proposed plea agreement could not be used against him, is incorrect because the use of defendant Ha's admissions is not dependant on the court accepting the plea agreement.

This objection, however, fails to take into account the central premise of Judge Zoss's Report and Recommendation, namely that the proposed plea agreement between the prosecution and defendant Ha cannot be enforced in any way because no prosecution representative ever executed the plea agreement. As a result, the proposed plea agreement does not constitute a binding agreement between defendant Ha and the prosecution. Plea agreements are contracts, and are accordingly construed pursuant to ordinary contract principles. *United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007); *United States v. Thompson*, 403 F.3d 1037, 1039 (8th Cir. 2005); *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004); *Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 351 (8th Cir. 1994); *United States v. Crawford*, 20 F.3d 933, 935 (8th Cir. 1994); *United States v. Britt*, 917 F.2d 353, 359 (8th Cir. 1990), *cert. denied*, 498 U.S. 1090 (1991). The plea agreement here

contains a provision that specifies that: "The agreement will not be deemed to be valid unless and until all signatures appear where indicated below." Plea Agreement at ¶ 42. This provision clearly required that both parties sign the plea agreement as a condition precedent to the formation of a binding contract between the prosecution and defendant Ha. Because it is clear the parties to the plea agreement intended that the plea agreement would not become binding until it was formally executed, then the plea agreement here is not binding because no prosecution representative has signed it. *See International Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405 (8th Cir.) ("Parties to an agreement may agree that they will not be bound until the agreement is signed."), *cert. denied*, 114 S. Ct. 345 (1993). Since the plea agreement is not a binding contract between the parties, the court will not have occasion to determine whether or not to accept it. Accordingly, this objection to Judge Zoss's Report and Recommendation is overruled.

### 2. *Hypothetical effect of use of the plea agreement*

In his second objection to Judge Zoss's Report and Recommendation, defendant Ha makes the following cryptic assertion:

> The defendant objects to the Report's recommendation that, because of the government's acquiescence in agreeing not to use the plea agreement against Ha at the upcoming trial, this makes same non-admissible; the government very likely acquiesced in same because, but for their acquiescence, the admissibility of the plea agreement would prejudice the plea agreement to the point of giving rise to a finding of prosecutorial misconduct and dismissal of the SSI.

Defendant's Objections at ¶ 2.

The court must first note that this objection, to quote Winston Churchill's description of Russia, "is a riddle wrapped in a mystery inside an enigma." Winston Churchill, October 1, 1939 Radio Broadcast, The Churchill Center found at http://

www.winstonchurchill.org/i4a/pages/index.cfm?pageid=219. The court interprets this objection as framing a hypothetical situation, i.e., what would be the result of a trial in which the government was afforded the benefit of using the plea agreement against defendant Ha while at the same time requiring Ha to face trial on the charge contained in the Second Superseding Indictment, which was not the subject of the plea agreement. Because this is not a situation presently before the court, the court declines defendant Ha's invitation to address such abstract questions of Constitutional law. Accordingly, this objection to Judge Zoss's Report and Recommendation is also overruled.

### III. CONCLUSION

Therefore, for the reasons set out above, the court accepts Judge Zoss's Report and Recommendation and **grants in part and denies in part** defendant Ha's Motion To Dismiss Or Alternatively Prohibit Use of Plea Agreement. Accordingly, any admission made by defendant Ha in the proposed plea agreement may not be used against him in any way at trial.

**IT IS SO ORDERED.**

**DATED** this 9th day of April, 2008.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA